[Crim. No. 704. Department One. — May 22, 1901.]

THE PEOPLE, Appellant, v. EULOGIO CASTRO, Respondent.

CRIMINAL LAW — RAPE — ORDER GRANTING NEW TRIAL — REVIEW UPON APPEAL. — An order granting a new trial to a defendant convicted of rape will be affirmed upon appeal, if it was properly made on any ground raised in the defendant's motion.

ID. — CHARGE OF SINGLE ACT — PROOF OF A SERIES OF ACTS — MAIN ACT NOT PROVED OR SELECTED — NEW TRIAL. — Where the information charged a single act of rape at a particular date, upon a female under the age of consent, and a series of acts of sexual intercourse between them was proved, without proof of any main act of the date charged, the state should have been required to select the particular act relied upon to sustain the information, and if this was not done, and the court did not direct the jury to any particular act which must be proved to sustain a conviction, and the defendant was convicted, a new trial was properly granted.

ID. — EVIDENCE — PRIOR AND SUBSEQUENT ACTS. — It seems that where rape is charged by sexual intercourse with a female under the age of consent, evidence of acts of sexual intercourse between the parties, both before and after the particular act charged, may be introduced in evidence, as tending to sustain the main allegation. [Per Garoutte, J., and Van Dyke, J. Harrison, J., holding, *contra*, that evidence of subsequent acts of sexual intercourse was inadmissible, and should have been excluded.]

APPEAL from an order of the Superior Court of San Bernardino County granting a new trial. Frank F. Oates, Judge.

Tirey L. Ford, Attorney-General, Henry A. Melvin, and J. W. Curtis, District Attorney of San Bernardino County, for Appellant.

John Brown, Jr., F. B. Daley, and C. N. Damron, for Respondent.

GAROUTTE, J. — Defendant was convicted of the crime of rape. The superior court granted a motion for a new trial, and the state appeals. The offense is alleged by the information to have been committed upon June 30, 1899, and the prosecutrix was alleged to have been under the age of consent. At the trial, four separate acts of sexual intercourse committed by defendant were sworn to by the prosecutrix. These acts were proven under objection of defendant, and covered a period of time extending over several months. No one of the acts was proven to have been committed upon the thirtieth day of June. It is not material, upon this appeal, as to the particular ground upon which the court based its order granting the new trial; for if the order should have been made upon any one of the grounds raised by defendant, it will be affirmed. (*Kauffman* v. *Maier*, 94 Cal. 276; *In re Martin*, 113 Cal. 481.)

The doctrine appears to be fairly well settled, that, in actions of adultery, seduction, etc., evidence of sexual intercourse between the parties, both before and after the particular act charged, may be introduced in evidence, as tending to sustain the main allegation. Chief Justice Bartch, in his dissenting opinion in the case of *State* v. *Hilberg*, 61 Pac. Rep. 215, thus states the rule: "Where, as in this case, there is a continuation of the relation of intimacy and illicit intercourse between the parties to the offense, evidence of improper familiarity and adulterous acts both before and after the act charged is admissible. Such evidence is received to prove the adulterous disposition in the parties implicated. This appears to be the rule sanctioned by the weight of recent authority." The cases cited by him to support the proposition advanced may well be declared to constitute the great weight of authority.

The Hilberg case, in its facts, and upon the record, is very similar to the case at bar, and many of the reasons there advanced by the court for a reversal of the judgment appeal strongly to the court here. Under the *instructions* given to the jury in the case at bar, the defendant should have been

convicted, if any one of the various acts of intercourse sworn to by the prosecutrix was established beyond a reasonable doubt; but, certainly, the defendant was not called upon to defend himself against all of these respective acts of intercourse, extending through a period of several months. The information only charged one act, and upon that allegation the case must stand or fall. Possibly, any one of the acts sworn to by the prosecutrix could have been selected by the state as the act charged in the pleading, but the entire four acts could not be so selected. The state, at the commencement of the trial, should have been required to select the particular act upon which it relied to make good the allegation of the information. This was not done; and even conceding that the failure to make such election at that time did not constitute error because of the want of demand upon the part of the defendant to make the election, still, when the case went to the jury, the court, in some form, should have directed their minds to the particular act of intercourse which it was incumbent upon the state to establish by the evidence, before a verdict of guilty could be returned against the defendant. This was not done.

Under the evidence disclosed by the record, a verdict of guilty or not guilty was the only verdict which could be properly rendered in the case.

For the foregoing reasons the order is affirmed.

Van Dyke, J., concurred.

HARRISON, J., concurring.— I concur in the affirmance of the order appealed from, for the reason, in addition to that given in the opinion of Mr. Justice Garoutte, that the court erred in admitting evidence of acts of sexual intercourse committed subsequent to the particular act selected by the prosecution in support of the information. The defendant could be convicted only upon proof of the act selected, and any evidence of subsequent acts would create no more than a presumption of his guilt, arising from the establishment of a disposition in that direction. A person charged with a crime is not to be convicted upon evidence that he has at another time committed a similar crime. The evidence thus admitted was manifestly prejudicial to the defendant, and should have been excluded.