[Crim. No. 778.   Second Appellate District, Division One.—October 26, 1921.]

## THE PEOPLE, Respondent, v. FRANK MACCHIAROLI, Appellant.

[1] CRIMINAL LAW—RAPE—AIDING AND ABETTING—EVIDENCE—VERDICT.—In this prosecution, wherein the defendant was charged with the crime of rape in that he aided and abetted two other men in the rape of the prosecutrix, the evidence, showing the joint action of the defendant and his associates in robbing the prosecutrix and her male companion, followed by the act of the defendant in holding a revolver against such male companion, thereby preventing the latter from going to the assistance of the prosecutrix while the rape was being committed by defendant's associates, was sufficient to justify the verdict of conviction.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Sidney N. Reeve, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Guy Eddie and William F. Adams for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

SHAW, J.—Appellant was indicted on four counts. The first count charged him with the robbery of an automobile and of money and other personal property from one Esquerre. The second count charged him with the robbery of some earrings and a gold ring from a young woman who was the companion of Esquerre in the automobile at the time of the robbery. The third count charged him with the crime of rape in that he aided and abetted one Gonzales in the rape of the woman. The fourth count charged him with the crime of rape in that he aided and abetted one Marsiglia in the rape of the woman. The defendant, having been found guilty of all of these counts, has appealed from the judgment and from an order denying his motion for a new trial.

[1] The first contention of appellant is that the evidence is insufficient to justify his conviction on either the third or the fourth count. He claims that while his acts may have aided in the accomplishment of the crime of rape by Gonzales and Marsiglia, yet that there is no evidence that he abetted them in the commission of those crimes. In order to sustain the conviction on these counts it must have been proven that the defendant did "aid and abet" in the commission of the crimes. (Pen. Code, sec. 31.) "The law declares that all persons concerned in the commission of a crime, whether they directly committed it, or aided and abetted in its commission, or advised and encouraged its commission, are principals." (*People* v. *Coffey,* 161 Cal. 433, 440 [39 L. R. A. (N. S.) 704, 119 Pac. 901, 904].) In *People* v. *Bond,* 13 Cal. App. 175, 185 [109 Pac. 150, 155], the court adopted the following definition: "To abet is to incite or encourage a person to commit a crime. An abettor is a person who, being present or in the neighborhood, incites another to commit a crime and thus becomes a principal in the offense." Applying the definition to that case, wherein the defendant Bond and one Carpenter were jointly charged with the murder of one Robert Junior, and it was claimed that the shot which caused the death of Junior was fired by Carpenter, the court said: "If, with the knowledge of Bond, Carpenter feloniously made the as-

sault and the former voluntarily assisted in taking the life of the Indian, although he did not fire the fatal shot, both would be equally guilty. It would be absurd to say that if Bond knowingly contributed to the death of Junior he would not be an aider and abettor of whatever crime was committed."

In this case it appears from the evidence that appellant, Macchiaroli, together with Gonzales and Marsiglia, came to the automobile in which Esquerre and the woman were seated and ordered them out of the machine. Esquerre was made to step out of the automobile on one side, and the woman on the other side. While appellant took money and other personal belongings from Esquerre, the other two took certain jewelry from the woman. Then Gonzales and Marsiglia carried the woman across the road, where the crime of rape was committed by them. After this the woman was brought back and left with her companion on the roadside, while appellant and his accomplices drove away with Esquerre's automobile. In the confession afterward made by appellant, which was duly admitted in evidence, he claimed that while the rape was being committed he made some objection. At the same time, however, the evidence shows that appellant held Esquerre there with a revolver against him. Esquerre testified that when he heard the woman cry out the only reason why he did not go to help her was that appellant was holding the gun against him. These circumstances being well established, to hold that appellant did not both aid and abet the others in the commission of the crime of rape would be audaciously absurd.

The only other point suggested in support of the appeal is that there was no evidence to justify conviction of appellant of the crime of robbery of the earrings and gold ring taken from the woman. That the robbery of both Esquerre and the woman was a joint enterprise of these three men, in which all were equally guilty, is so plain that no argument whatever is needed to sustain the conviction.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.