[Crim. No. 866.   Second Appellate District, Division Two.—May 23, 1922.]

# THE PEOPLE, Respondent, v. MIGUEL MARTINEZ, Appellant.

[1] CRIMINAL LAW—RAPE—EVIDENCE — SIMILAR OFFENSES.—In cases involving illicit intimacy by consent, such as adultery and statutory rape, upon the person of a female under the age of eighteen years, evidence of similar offenses committed between the parties both prior and subsequent to that with which the defendant is charged is admissible for the purpose of showing that the parties are adulterously or lasciviously inclined, and that the barriers of modesty have been broken down with reference to each other.

[2] ID.—EVIDENCE OF SIMILAR OFFENSES—FAILURE TO MAKE ELECTION —INSTRUCTION.—Where in a prosecution for rape upon the person of a girl of the age of fourteen years her testimony showed the commission of several acts on any one of which a conviction could be based, it was error to fail to instruct the jury that it was incumbent upon the prosecution to establish a particular act beyond a reasonable doubt before a verdict of guilty could be returned, notwithstanding the defendant neglected to demand that the district attorney make an election of the act upon which he relied for a conviction, but such error was without prejudice where no attempt was made by the defendant to deny such acts of intercourse.

[3] ID.—ABSENCE OF SELECTION BY PROSECUTION—FIRST OFFENSE TESTIFIED TO BY PROSECUTRIX.—In the absence of an express selection by the district attorney of one of the acts of intercourse as the particular offense for which he would ask a conviction, the law selects the act first testified to by the prosecutrix.

[4] ID.—EXTRAJUDICIAL ADMISSIONS — CONSIDERATION BY JURY — INSTRUCTION. — An instruction that extrajudicial admissions of the defendant are to be received and considered with "great" caution and that oral admissions of a party should be viewed with caution goes beyond the language of subdivision 4 of section 2061 of the Code of Civil Procedure.

[5] ID. — PRONOUNCEMENT OF JUDGMENT — TIME.—Where a judgment was pronounced within the maximum time permitted by section 1191 of the Penal Code but beyond the time to which the court, of its own motion and without the defendant's consent, may continue the time for passing sentence, judgment, nevertheless, may

be rightfully pronounced unless the defendant make objection at the time and demand that a new trial be granted on the ground that the legal time limit has expired.

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore Gottsdanker for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

FINLAYSON, P. J.—Defendant was convicted of rape upon the person of a girl fourteen years of age. He appeals from the judgment.

The information charges that the offense was committed "on or about the eleventh day of May, 1921." The prosecutrix, whose testimony as to acts of sexual intercourse was not contradicted, related from the witness-stand the story of her relations with defendant, which, put in narrative form, was substantially as follows: "I lived with my parents on a ranch at Van Nuys, in the county of Los Angeles. In May, 1921, myself and defendant spent three days and nights together. We first went to a hotel at Zelzah, in Los Angeles County, where we spent two days and nights. We both occupied the only bed in the room. We had sexual intercourse once each night. The third day we came to· the city of Los Angeles and went to a hotel in that city. We occupied the same bed and had sexual intercourse once that night. The next day we went to the courthouse in Los Angeles to get a marriage license. I told the clerk that I was eighteen years old."

Though there is no very satisfactory evidence as to the date of the visit to the marriage license bureau, it seems to be conceded that it was May 12, 1921, which would make the last act of sexual intercourse testified to by the prosecutrix fall on May 11, 1921, the date specified in the information.

Defendant's counsel objected to the introduction of any evidence as to the act of sexual intercourse which took place in the city of Los Angeles on the ground that defendant

was not charged with that specific act. The objection was overruled. It does not appear that defendant made any demand that the district attorney elect upon which act of illicit intercourse he would rely for a conviction.

The prosecutrix gave no testimony as to her age on her direct examination, the district attorney confining his questions to matters relating solely to the girl's illicit acts of intercourse with the defendant. The prosecution relied upon the parents to furnish the necessary evidence on the subject of their daughter's age. Though not examined as to her age on her direct examination, the prosecutrix, on her cross-examination, in response to questions put to her by defendant's counsel respecting her age, testified that she was fourteen years old; that her parents told her to testify that she was fourteen years old; that when she was taken to the juvenile home immediately after defendant's arrest she told the authorities there that she was eighteen years of age; and that she testified before the committing magistrate that she was of the age of eighteen years, or would be in the following February. Upon being asked on cross-examination to explain why she so testified before the committing magistrate, she replied: "Because I did want to marry before eighteen, and I didn't have the age to get married. I told them because I wanted to get married, but I didn't have the age to get married." Defendant's counsel then asked her this question: "Did you also want to marry this defendant after his arrest and when you testified at the preliminary examination?" To that question the district attorney objected on the ground that it was immaterial. The objection was sustained. That ruling is now assigned as error.

[1] It was not error for the court to permit evidence of the three separate acts of intercourse. In cases involving illicit intimacy by consent, such as adultery and statutory rape upon the person of a female under the age of eighteen years, evidence of similar offenses committed between the parties, both prior and subsequent to that with which the defendant is charged, if not too remote, may be introduced after the prosecution has selected some particular act of a date certain and has elected to rely on proof of such act for conviction and has introduced evidence tending to support the selection. Such evidence of

other acts is admitted for the purpose of showing that the parties are adulterously or lasciviously inclined, and that the barriers of modesty have been broken down with reference to each other. (*People* v. *Koller,* 142 Cal. 621 [76 Pac. 500]; *People* v. *Harlan,* 29 Cal. App. 600 [156 Pac. 980]; *People* v. *Scott,* 24 Cal. App. 440 [141 Pac. 945].)

[2] The district attorney did not make the election which the law requires of him. Neither did the court, when the case went to the jury, direct the jurors' minds to any particular act of intercourse with an instruction that it was incumbent upon the prosecution to establish that act by evidence beyond a reasonable doubt before a verdict of guilty could be returned against the defendant. The court's failure so to instruct the jury was error, notwithstanding defendant's neglect to demand that the district attorney make an election. (*People* v. *Castro,* 133 Cal. 11 [65 Pac. 13].) But it so happens that in this particular case the error was not prejudicial. The evidence presented by the prosecution respecting the illicit acts, consisting of the testimony of the girl herself and defendant's confession, was not contradicted. Defendant, who was the sole witness produced by the defense, made no attempt whatever to deny the acts of intercourse testified to by the prosecutrix. If the jury believed that defendant committed one of the acts testified to by the prosecutrix, they must equally have believed that he committed each of the other acts narrated by her, since there is nothing in the case that could possibly make her testimony as to one of these acts more or less probable than her testimony respecting the others. It is not possible, therefore, that some of the jurors were convinced beyond a reasonable doubt of the truth of the charge as to one of the offenses while other jurors voted for a conviction because they believed that it was one of the other acts which was proved beyond a reasonable doubt. [3] Moreover, in the absence of an express selection by the district attorney of one of the acts of intercourse as the particular offense for which he would ask a conviction, the law selects the act first testified to by the prosecutrix. " . . . the prosecuting officer, when he commences the trial of a case of this class, where he is at liberty to prove one of several different offenses under the indictment, should at least as early as the commencement of the trial inform

the defense upon proof of what specific offense he intends to rely, and if he does not, the first evidence which would tend in any degree to prove an offense shall be deemed a selection, and unless that precise offense is proven, the defendant is entitled to an acquittal.'' (*People* v. *Williams,* 133 Cal. 169 [65 Pac. 323]. See, also, *People* v. *Harlan, supra.*) The first offense testified to by the prosecutrix was the first act of intercourse at Zelzah. That act occurred on or about May 9, 1921, which was two days prior to the date laid in the information. This variance with respect to the date of the act was not material. (*People* v. *Williams, supra.*) Since the testimony of the prosecutrix respecting the act first testified to by her is uncontradicted and has none of the marks of inherent improbability, it follows that appellant was not prejudiced by the prosecutor's failure to make an election or by the court's neglect to instruct the jury that it was incumbent upon the people to establish, by sufficient evidence and to the satisfaction of all the jurors, a particular act of intercourse.

Appellant insists that the court unduly restricted him in his cross-examination of the prosecutrix. This assignment of error calls for no extended discussion. It seems that during his cross-examination of the little girl defendant's counsel asked her if she experienced any pain when defendant inserted his private parts into her private parts. The court, of its own motion, stopped this line of examination. We fail to see how appellant could have been injured by the refusal to permit him to go into the details of the lascivious conduct to which he and this little girl gave themselves. Had there been any conflict in the evidence respecting the acts of coition there might have been some ground for complaining of the court's refusal to permit counsel to ask the prosecutrix if she felt any pain; for if she had answered that she felt no pain, it may be that such an answer would have had a tendency to show that there had been no penetration by defendant. But upon the record before us we fail to see how appellant could have been harmed by the court's refusal to permit him to ask the question. True, a defendant in a criminal action is presumed to be innocent until the contrary is proved, and the burden is upon the prosecution to prove every element of the crime by evidence sufficient to satisfy the minds of

the jurors beyond a reasonable doubt; so that a defendant, without introducing any evidence to prove his own innocence, will be entitled to an acquittal if the people fail to prove his guilt beyond a reasonable doubt. And though the defendant in a criminal action, for the purpose of discrediting the testimony of a witness for the prosecution and thus raise a reasonable doubt of guilt, may put to such witness any proper question on cross-examination, still, in view of the record before us, we are unable to see how, if the prosecutrix had said that she suffered no pain during any of the acts of coition testified to by her, the credibility of her testimony would have been materially shaken. The error, if error there be, is so trivial that it must be disregarded in view of section 4½ of article VI of the constitution.

[4] Exception is taken to the court's refusal to give the following instruction: "You are instructed that extrajudicial admissions of the defendant are to be received and considered with *great* caution, and that oral admissions of a party should be viewed with caution." (Italics ours.) In the first place, this proposed instruction goes beyond the language of subdivision 4 of section 2061 of the Code of Civil Procedure, which simply provides that, upon all proper occasions, the jury is to be instructed that "evidence of the oral admissions of a party [ought to be viewed] with caution"—not with "great caution," as is stated in the first part of the proposed instruction. (See *People* v. *Buckley*, 143 Cal. 391 [77 Pac. 169].) But wholly apart from this criticism, it has been definitely decided in this state that the refusal to give an instruction in the language of subdivision 4 of section 2061 is not error. (*People* v. *Raber*, 168 Cal. 316 [143 Pac. 317]; *People* v. *Ruiz*, 144 Cal. 251 [77 Pac. 907]; *People* v. *Maljan*, 34 Cal. App. 384 [167 Pac. 547].)

Exception is taken to the court's refusal to give a number of other proposed instructions, to each of which our attention is called in the following manner: "The court erred in refusing to give an instruction asked by the defendant beginning at line [the number of the line is here inserted] of page [the number of the page is here inserted] of Clerk's Transcript and ending on line [number inserted] of page [number inserted] of said transcript."

The language of the requested instructions is not set forth in the brief, no authority is cited and no argument is made beyond the bald declaration that "the court erred in refusing to give the instruction." We do not feel called upon to consider points so presented. (*Moore* v. *San Vicente L. Co.*, 175 Cal. 213 [165 Pac. 687].)

The court did not err in sustaining the objection to the question propounded by defendant's counsel to the prosecutrix on her cross-examination asking her if she intended to marry defendant *after* his arrest and when she testified at his preliminary examination. This question was put to the prosecutrix on her cross-examination in connection with her explanation of the reason why she had testified at the preliminary examination that she was eighteen years old. That explanation was that she wanted to marry the defendant before she would become eighteen years of age. Her answer explaining her testimony before the committing magistrate carried with it the necessary implication that she wished to marry the defendant after his arrest and also at the time of the preliminary examination. Defendant, therefore, could suffer no prejudice by the court's ruling in sustaining an objection to the question asking the prosecutrix if she desired to marry the defendant after his arrest and when she testified at the preliminary examination. Moreover, the question was not proper cross-examination. It was asked as a part of the cross-examination respecting the age of the prosecutrix—a subject matter concerning which she had said nothing on her direct examination.

[5] Finally, it is contended that the judgment was not pronounced within the time provided by statute—section 1191 of the Penal Code. The verdict was rendered August 9, 1921. At the time originally set for pronouncing judgment, August 11, 1921, defendant applied for probation. The court, therefore, continued to August 25, 1921, the time for passing sentence. On the last-mentioned date the court continued to September 22, 1921, the hearing on defendant's application for probation and likewise the time for pronouncing sentence. The matter came on for hearing on September 22d, and the application for probation and the time for passing sentence were continued, *at defendant's request,* to November 10, 1921, on which date probation was denied and sentence was pronounced. Appellant

contends that the record of the proceedings had on September 22d shows that his consent to a continuance to November 10th was given solely because he was induced to believe, from remarks made by the court, that he would be granted probation if the matter were continued at his request. The minute entries show that the time for pronouncing sentence was regularly continued at defendant's request and that judgment was pronounced within the time limit prescribed by section 1191. Assuming, for the purpose of this decision, that the verity of the minute entries may be impeached by appellant in this manner, nevertheless, the fact remains that there is no basis for the contention that appellant's consent to the continuance was given under the influence of a false hope of probation held out to him by the court. At the hearing had on September 22d, the court expressly stated that it did not believe this was a case for probation; and yet, in spite of that statement, defendant asked for and the court granted a continuance to November 10th. Moreover, the record does not show that at the time of passing sentence on November 10th the defendant made any objection to the pronouncing of judgment on that date, or that he asked for a new trial on the ground that the legal time for pronouncing judgment had expired. Where, as here, the judgment is pronounced within the maximum time permitted by section 1191 but beyond the time to which the court, of its own motion and without the defendant's consent, may continue the time for passing sentence, judgment, nevertheless, may be rightfully pronounced unless the defendant make objection at the time and demand that a new trial be granted on the ground that the legal time limit has expired. (*People* v. *Polich,* 25 Cal. App. 464 [143 Pac. 1065]; *People* v. *Okomoto,* 26 Cal. App. 568 [147 Pac. 598].)

The judgment is affirmed.

Works, J., and Craig, J., concurred.