[Crim. No. 1346.  Third Appellate District.—April 30, 1934.]

THE PEOPLE, Respondent, v. VINCENT FONTANA et al., Appellants.

Lawrence J. Skirving, Clinton W. Johnson, George E. Foote and George J. Raymond for Appellants.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The appellants were jointly charged, tried and convicted of the crime of rape perpetrated upon the same female and accomplished by each defendant in succession at the same time and place by means of force.

The defendants were riding together in an automobile at night along Twelfth Avenue in Sacramento. They overtook Mrs. Donna Roberts, a young married woman eighteen years of age, who was a total stranger to them. She was walking along the sidewalk. They accosted her, stopped and forced her into the car. She was taken to a secluded field in North

Sacramento, where, by means of force, first Vincent Fontana and then Joe Shiro had sexual intercourse with her. Both defendants were present during the commission of the offenses. The defendants admitted having intercourse with the prosecutrix, but contend that it was accomplished with her consent. The testimony is conflicting regarding the use of force, but there is ample evidence to support the implied finding that the crimes were committed by means of force. After the defendants had successively completed their access, the prosecutrix was returned to the place where she was picked up, and released. She found a policeman in a restaurant near by to whom she related her story. He testified that she was hysterical. The defendants were subsequently arrested, jointly charged with rape and convicted. From the judgments which were pronounced against them, the defendants have each appealed.

At the beginning of the trial the defendants demanded separate trials, which were denied. In support of these motions, it was contended that the defendants were jointly charged with separate crimes of rape, and that incidentally each might also be found guilty of aiding and abetting the crime of the other, under the provisions of section 31 of the Penal Code. While each defendant was guilty of separate access to the prosecutrix, for the purpose of determining whether they were entitled to separate trials under the provisions of section 1098 of the Penal Code, they may be deemed to have been charged with but one public offense. Both defendants co-operated in one unlawful transaction of jointly seizing by force and transporting the prosecutrix to a secluded spot, where in succession each raped the victim in the immediate presence of the other. The facts of the case are so intermingled, that for the purpose of determining their right to separate trials, both offenses may be considered one crime. It would be unreasonable to hold that two burglars who conspired to enter a building to commit larceny, and because one stole a suit of clothes and another robbed the cash register, which constitute different offenses, that they are therefore entitled to separate trials. It would be equally absurd to hold that two individuals, who are jointly charged with robbery, would be entitled to separate trials as a matter of law, merely because it appeared that the highwaymen fell upon their victim and one stole his

pocketbook while the other took his watch. Each would be guilty of robbery and also of the offense of aiding and abetting his associate in the commission of the same crime. That fact, however, does not entitle them to separate trials. Pursuant to the provisions of section 1098, *supra,* it was discretionary with the court under the circumstances of this case to grant or deny separate trials to the defendants. It was not reversible error for the court to deny the motions for separate trials.

■ It is urged that the verdicts are void for the reason that it is impossible to determine whether all of the jurors agreed to verdicts finding either of the appellants guilty of rape, or whether some of them may not have merely found them guilty of aiding and abetting the commission of that crime by their associate. We are of the opinion there is no merit in that contention. The defendants were jointly charged with the commission of the crime of rape accomplished by means of force and violence. The information does not charge either of them as an accessory. The jury rendered separate verdicts against each defendant. The form of the verdicts which were rendered reads as follows: "We, the jury in the above entitled cause, find the defendant Vincent Fontana guilty of the crime of rape as charged in the information". A separate verdict in the same language was rendered against the defendant Joe Shiro. This leaves no doubt as to the fact that the jury unanimously agreed that each of the appellants was guilty of rape accomplished by means of force. In the introduction of evidence it is apparent that the case was tried upon the theory that each defendant was charged with rape accomplished by means of force, and that the prosecutrix was not attempting to prove or rely upon a crime based upon mere evidence of aiding and abetting the commission of the associate's crime, as an accessory. ■ The evidence shows without conflict or objection that the appellant Fontana drove the car in which the prosecutrix was taken to a secluded field, and that he first forcibly had access in the automobile while Shiro stood near by. After these facts had been related by the prosecutrix, she continued without interruption or objection, "Then he (Vincent Fontana) got out of the car and Joe Shiro was standing right there, and he got in right after Vincent Fontana got out," and

accomplished his purpose. There is ample evidence of the exercise of force on the part of both appellants. There was no motion to strike out this evidence relating to the separate crimes committed by the respective defendants, nor to limit its application to a particular party. The appellants therefore waived their right to complain of the prejudicial nature of the evidence of the separate offenses of rape accomplished by their associate.

The only real defense which is disclosed by the record in this case is the question as to whether intercourse with the prosecutrix was accomplished by means of force, or whether it was the result of voluntary submission on her part.

This case does not present circumstances like the case of *People* v. *Castro*, 133 Cal. 11 [65 Pac. 13], relied upon by the appellants, where several different acts of intercourse by the same defendant, took place upon different dates, and were proved at the trial over his objection. Only one principal act is charged against each of the appellants in this case, and evidence of the commission of a separate offense by their associate was admitted in evidence without objection.

Nor was it error for the court, upon its own motion, to fail to instruct the jury "that it was incumbent upon the prosecution to establish one of the two acts", namely rape, or aiding and abetting the accomplishment of that crime by an associate. No such instruction was offered by the defendants. The appellants were not charged with aiding or abetting the commission of rape by an associate. That issue was not really involved in the trial of the case. The jury was fully and fairly instructed on all the necessary elements of the offense with which the appellants were charged.

The judgments and orders are affirmed.

Plummer, J., and Pullen, P. J., concurred.