[Crim. No. 1342. Third Appellate District.—September 13, 1934.]

THE PEOPLE, Respondent, v. THOMAS ENRIGHT et al., Appellants.

Ray T. Coughlin and A. G. Bailey for Appellants.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellants were indicted for rape and from a judgment based upon a verdict of guilty they prosecute this appeal.

Inasmuch as it is not contended that the evidence is insufficient to support the verdict we need not set forth the evidence in any detail except as it is necessary to make clear the point urged for reversal.

The complaining witness had, in company with several of her companions, visited a resort in a little town not far from Sacramento. At the same place were gathered some of the local hoodlums of the neighborhood. Apparently the complaining witness did not like the looks of those present and left in her car for her home. Upon reaching her destination she found in her bag a key to the automobile of one of her group who had remained at the party. She returned and delivered the key to its owner, and when again leaving for her home, three young men forced themselves into her car, took possession thereof and forcibly compelled their victim to accompany them to a secluded spot where more than one of the young men committed the offense denounced in section 261 of the Penal Code.

The point urged in this appeal is that the indictment charges but one offense, whereas the evidence tended to prove the commission of two or more separate and distinct acts, either one of which would support the charge of rape, and therefore it is argued the prosecution should have been required to inform the defense upon the proof of which specific offense it intended to rely for conviction.

Appellants here, as did the defense in the case of *People* v. *Fontana*, 138 Cal. App. 379 [32 Pac. (2d) 160], rely strongly upon the case of *People* v. *Castro*, 133 Cal. 11 [65 Pac. 13], but the court there clearly pointed out the distinction in the following language:

"This case does not present circumstances like the case of *People* v. *Castro*, 133 Cal. 11 [65 Pac. 13], relied upon by the appellants, where several different acts of intercourse by the same defendant, took place upon different dates, and were proved at the trial over his objection. Only one principal act is charged against each of the appellants in this case, and evidence of the commission of a separate offense by their associate was admitted in evidence without objection."

In fact, the circumstances in the instant case are so similar to the case of *People* v. *Fontana, supra,* that we can affirm this case upon the reasoning and authorities there cited.

The acts here complained of were perpetrated on the same occasion and within a few moments of each other, constituting one continuous felonious act. Inasmuch also as the three defendants were all present aiding and abetting in the commission thereof, they were all guilty as principals therein. (Sec. 31, Pen. Code; *In re Kantrowitz*, 24 Cal. App. 203 [140 Pac. 1078]; *People* v. *Macchiaroli*, 54 Cal. App. 665 [202 Pac. 474].)

The judgment and order should therefore be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.