THE PEOPLE OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1279. Argued March 24, 1942.—Decided April 10, 1942. Rehearing denied April 23, 1942.

*Fernando Gallardo Díaz, District Attorney of San Juan,* for petitioner. *Edgard S. Belaval* for intervener, defendant in main action.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The information filed in the District Court of San Juan, in criminal case No. 4722 of that court, against Carmelo Ríos. Cruz and Dolores Marrero Rosado for rape, reads in its pertinent part as. follows:

"Said Carmelo Ríos Cruz and Dolores Marrero Rosado, one day in November 1941, in San Juan, Puerto Rico, which forms part of, and is within, the judicial district of San Juan, did unlawfully,. maliciously and criminally assault Elena Sierra, a woman, with whom each of said defendants had sexual intercourse or connection, using for such purpose force and violence and without the consent of said Elena Sierra who was not then and there the wife of either defendant."

Carmelo Ríos Cruz filed a demurrer in which he alleged that the information charged him with more than one offense and that it was at the same time ambiguous, unintelligible,. and uncertain. In deciding the question thus raised the court, on February 4 last, sustained the demurrer upon the ground that each of the defendants was charged with two offenses: (1) the perpetration of the carnal act, and (2) the aiding of his partner in committing it also; and, therefore, each crime should be charged separately. The district attorney moved for a reconsideration and his motion was denied on the 19th of the same month, on similar grounds. In order to obtain a review of the order of the lower court the district attorney instituted the certiorari proceeding herein. After the writ had been issued, the defendant Carmelo Ríos Cruz intervened and requested that the petition for certiorari be denied on two grounds: (*a*) because certiorari is not the proper remedy, and (*b*) because the order complained of is correct.

The writ of certiorari, being an extraordinary remedy, should not generally be issued where there is available

219

an adequate, speedy, and effective remedy in the ordinary course of law. As the order involved herein is appealable (§348 of the Code of Criminal Procedure, and *People* v. *Fajardo,* 21 P.R.R. 429), and as an appeal would constitute as speedy and effective a remedy for the purpose of the case herein as a certiorari proceeding, we would be justified in discharging the writ issued on that ground alone. However, taking into account the fact that there is involved a question of practice, which is raised for the first time in this jurisdiction and which should be disposed of as soon as possible so that our decision might serve as a guide in future cases, we feel ourselves warranted in rendering now the proper decision instead of postponing it until the case were to come back to this court on appeal.

■ It is provided in §77 of the Code of Criminal Procedure that "the information must charge but one offense." So that the question to be decided is whether the information herein complies with that requisite.

The charge against the defendants is that at a certain place and time they assaulted Elena Sierra, a woman, each of said defendants having had sexual intercourse with her, etc. It appears from the pleadings that the acts perpetrated by the defendants were of a continuing nature, that they formed a single transaction, and that being so, notwithstanding the repeated carnal acts that they may have perpetrated, the offense thus committed by all of the defendants acting with a common purpose constitutes a single offense and, therefore, said §77 is not violated by the filing of a single information. If, on the contrary, a substantial interruption had occurred, if one or several carnal acts had been perpetrated on a certain date and subsequently further acts had taken place, after a sufficiently long time had elapsed and under circumstances constituting a distinct transaction or transactions, each one of such distinct transactions would constitute a separate offense and, under the above provision

of the Code of Criminal Procedure, each would require a separate information.

Of course, if in spite of a single information having been filed, it should appear from the evidence during the course of the trial that more than one transaction occurred, the defendants or the court *motu proprio* could compel the district attorney to elect the transaction on which to proceed.

In *People* v. *Enright* (1934 Cal.), 35 P. (2d) 1033, cited by the district attorney, the facts were substantially similar to those of the case at bar and a single information was filed. It was contended by the defendant that, although the information charged a single offense, the evidence showed the perpetration of two or more sexual acts, and therefore the district attorney should have been required to choose the transaction on which he would base his information. Disposing of this question the court said:

"The acts here complained of were perpetrated on the same occasion and within a few moments of each other, *constituting one continuous felonious act*. Inasmuch also as the three defendants were all present aiding and abetting in the commission thereof, they were all guilty as principals therein." (Italics ours.)

See, to the same effect, *People* v. *Fontana et al.*, (1934 Cal.), 32 P. (2d) 160, where the case of *People* v. *Castro*, 133 Cal. 11, 65 P. 13, cited by the intervener, is distinguished, on the ground that in the *Castro* case the different carnal acts were perpetrated by the defendant at different times, and that evidence of said distinct acts or transactions was introduced over the objection of the defendant.

In *McManus et al.* v. *State* (1931 Cal.), 297 P. 830, it was said:

"Where several persons pursuant to a common design and purpose and all present and acting together by force and violence commit a rape upon a female, and by a continuous uninterrupted use of force and violence continue until all of the participants have had sexual intercourse with the female *such acts constitute a single*

*crime, . . . and all the persons so participating may be jointly charged and convicted as and for a single crime.''* Syllabus by the Court, .p. 830.   (Italics ours.)

The same doctrine was applied in *State* v. *Weitzel et al.* (1937 Or.), 69 P. (2d) 958, dealing with the crime of sodomy.

The intervener argues that the above-cited cases from California are not in point because in them was applied §954 of the Penal Code of California, which at the time of those decisions already differed from §77 of our Code of Criminal Procedure.

The intervener is not correct.   It is true that said §954 of the Penal Code, as amended, provides that an information may charge two or more distinct offenses between which there might be certain relation or connection in the perpetration thereof; however, both the California cases already cited and the Oklahoma and Oregon cases were based on the theory that a single offense was committed, and as our statute provides that the information must charge but one offense, it is obvious that said doctrine is perfectly applicable in this jurisdiction.

For the reasons stated the petition for certiorari will be sustained and, consequently, the orders rendered by the District Court of San Juan in case No. 4722, on the 4th and 19th of last February, respectively, must be set aside and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

ON MOTION FOR REHEARING

April 23, 1942.

After considering the motion for rehearing filed by the intervener, we fail to find in it anything which has not been sufficiently discussed in the opinion delivered in this case, except as regards the assertion to the effect that here in Puerto Rico the district attorney can not be compelled to elect between two or more offenses where only one offense

is charged in the information, although the evidence tends to show two or more. The intervener bases this assertion on the absence in this jurisdiction of any statute authorizing such practice. No statute is required for vesting the court with such power, which is the logical result of the principle set forth in §77 of the Code of Criminal Procedure, which provides that the information must charge but one offense, and of the provisions of §153 (2) of the same statute, which allow a defendant to demur to the information where it appears on the face of the information that more than one offense is charged against him. It is evident that if the information charges but one offense and the evidence tends to show the commission of more than one, then, as the defendant is unable to interpose a demurrer—since only one offense is charged on the face of the information—the court, in the exercise of its power to direct and conduct the proceedings before it so as to conform them to law and justice, can and must require the district attorney to confine himself, in pursuance of §77, *supra,* to elect and prove but one offense. The court is under no obligation to remain idle and wait for the defendant to object to each of the questions propounded by the district attorney concerning two or more offenses, as suggested by the intervener. Having discarded the other offenses on motion of the court, the case proceeds normally, avoiding any interruptions and delays necessarily resulting from each objection of the defendant and avoiding at the same time the risk of confusing or misleading the mind of the jurors with the hearing of evidence relating to other offenses, of which the defendant can not be convicted under the information filed. The law seeks to be practical in its functioning and to discard everything that might be useless and that might unnecessarily hinder its primary purpose, which is the furtherance of justice.

In view of all the foregoing, the motion for rehearing must be denied.