El Pueblo de Puerto Rico, peticionario, *v.* Corte de Distrito de San Juan, Hon. Jorge L. Córdova, Juez, demandada.

Núm. 1279.—*Sometido.:* Marzo 24, 1942. *Resuelto:* Abril 10, 1942.

[redacted]

*Fernando Gallardo Díaz*, Fiscal de Distrito de San Juan, abogado del peticionario; *Edgar S. Belaval*, abogado del interventor, acusado en la causa criminal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la causa criminal núm. 4722 seguida en la Corte de Distrito de San Juan contra Carmelo Ríos Cruz y Dolores Marrero Rosado por un supuesto delito de violación, la acusación, en lo pertinente, dice así:

"Los referidos Carmelo Ríos Cruz y Dolores Marrero Rosado, allá por uno de los días del mes de noviembre de 1941, y en San Juan de Puerto Rico, que forma parte y está dentro del distrito judicial de San Juan, Puerto Rico, ilegal, voluntaria, maliciosa y criminalmente, acometieron a la mujer Elena Sierra, realizando con ella cada uno de dichos acusados el acto de *sexual intercourse* o concúbito sexual, valiéndose para ello de la fuerza y la violencia y sin el consentimiento de la referida Elena Sierra, quien no era allí y entonces la esposa de los acusados."

Carmelo Ríos Cruz formuló excepción alegando que la acusación le imputaba más de un delito y que a la vez era ambigua, ininteligible y dudosa. Resolviendo la cuestión así planteada, la corte el 4 de febrero último la declaró con lugar por el fundamento de que a cada acusado se le imputaban dos delitos: uno al realizar el acto carnal y otro al ayudar a su compañero a realizarlo también, y que por consiguiente cada delito debe ser objeto de una acusación separada. El fiscal solicitó reconsideración y el 19 de dicho mes le fué denegada por los mismos fundamentos. A fin de revisar la resolución de la corte inferior radicó el Fiscal de Distrito la petición de *certiorari* que nos ocupa. Expedido el auto intervino el acusado Carmelo Ríos Cruz solicitando que se declarase sin lugar la petición de certiorari por dos

razones: (*a*) porque el certiorari no es el remedio adecuado y, (*b*) porque la resolución impugnada es correcta.

■■ El auto de certiorari, por ser un remedio extraordinario, no debe expedirse generalmente cuando exista un remedio adecuado, rápido y eficaz en el curso ordinario de la ley. Siendo apelable la resolución en controversia, artículo 348 del Código de Enjuiciamiento Criminal y *Pueblo* v. *Fajardo,* 21 D.P.R. 451, y siendo el recurso de apelación tan rápido y eficaz a los efectos de este caso como lo es el de certiorari, por ese solo motivo podríamos anular el auto expedido. Pero habida cuenta de que se trata de una cuestión de práctica que se suscita por primera vez en esta jurisdicción y que debe resolverse a la mayor brevedad posible a fin de que nuestra decisión sirva de norma para casos futuros, nos sentimos justificados en dictar de una vez la resolución que proceda en lugar de posponerla hasta tanto el caso vuelva a este Tribunal por la vía apelativa.

■ Prescribe el artículo 77 del Código de Enjuiciamiento Criminal que "la acusación habrá de comprender sólo un delito." Así pues, la cuestión a resolver es si la de este caso cumple con ese requisito.

Se imputa a los acusados que en determinado sitio y fecha acometieron a la mujer Elena Sierra realizando con ella cada uno de ellos actos carnales, etc. De acuerdo con esas alegaciones resulta que en los actos realizados por los acusados no hubo solución de continuidad, fué todo una sola transacción y siendo ello así, no obstante los repetidos actos carnales que pudieran ellos haber realizado, el delito así cometido por todos los acusados actuando con un propósito común constituye un solo delito, y consecuentemente no se infringe el citado artículo 77 al presentarse una sola acusación. Si por el contrario hubiese existido interrupción sustancial, si uno o más actos carnales se hubiesen realizado en determinada fecha y posteriormente hubieran tenido lugar otros, mediante un lapso de tiempo suficientemente largo y bajo circunstancias determinantes de una distinta transac-

ción o transacciones, cada una de esas distintas transacciones constituiría un delito distinto y de conformidad con el citado precepto del Código de Enjuiciamiento Criminal precisaría una acusación por cada delito.

Claro es que si a pesar de formularse una sola acusación, en el curso del juicio surge de la prueba que hubo más de una transacción, los acusados o la corte misma *motu proprio,* pueden exigir del fiscal que elija la transacción sobre la cual desea basar la acusación.

En el caso de *People* v. *Enright* (1934 Cal.), 35 P. (2d) 1033, citado por el fiscal, los hechos fueron sustancialmente iguales a los del que nos ocupa y se formuló una sola acusación. Se alegó por la defensa que si bien la acusación imputaba un solo delito, la evidencia demostraba la realización de dos o más actos sexuales y que, por consiguiente, debió exigirse al fiscal que eligiese el acto sobre el cual habría de descansar la acusación. Resolviendo la cuestión, dijo la. Corte:

"Los actos a que se refiere la acusación fueron perpetrados en la misma ocasión y dentro de unos minutos de separación unos de otros, *por lo que constituyeron un solo acto carnal.* Toda vez que los tres acusados estuvieron presentes coadyuvando e instigando la comisión del delito, todos ellos son culpables como principales coautores." (Bastardillas nuestras.)

Véase, al mismo efecto, *People* v. *Fontana et al.* (1934 Cal.), 32 P. (2d) 160, donde se distingue el caso de *People* v. *Castro,* 133 Cal. 11, 65 P. 13, citado por el interventor, por el fundamento de que en el caso de *Castro* los diferentes actos carnales realizados por el acusado tuvieron lugar en fechas distintas y que de dichos actos o transacciones distintas, se presentó evidencia a pesar de la oposición del acusado.

En el caso de *McManus et al.* v. *State* (1931 Okl.), 297 P. 830, se dijo:

"Cuando varios acusados llevando a cabo un designio y propósito común, hallándose todos presentes y actuando juntos, por la fuerza y la violencia violan a una mujer y por un continuo e in-

interrumpido uso de fuerza y violencia prosiguen hasta que todos los participantes han tenido concúbito con la víctima, *tales actos constituyen un solo delito . . . y todos los participantes pueden ser acusados y convictos de un solo delito.* Syllabus by the court, página 830." (Bastardillas nuestras.)

La misma doctrina fué aplicada en *State* v. *Weitzel et al.* (1937 Or.), 69 P. (2d) 958, donde se trataba de un delito de sodomía.

Arguye el interventor que los casos de California antes citados no son pertinentes porque en ellos se aplicó el artículo 954 del Código Penal de California el que para la fecha de dichos casos era ya distinto al 77 de nuestro Código de Enjuiciamiento Criminal.

No tiene razón el interventor. Es verdad que el artículo 954 del Código Penal, según ha sido enmendado, prescribe que una acusación puede comprender dos o más delitos distintos entre los cuales exista cierta relación o conexión en la comisión de los mismos; pero tanto los casos de California antes citados, como el de Oklahoma y el de Oregon, parten de la base de que el delito cometido es uno solo, y prescribiendo nuestro estatuto que la acusación comprenderá un solo delito, es evidente que dicha doctrina es perfectamente aplicable en esta jurisdicción.

Por lo expuesto, *procede declarar con lugar la petición de certiorari y, en su consecuencia, anular las órdenes de la Corte de Distrito de San Juan dictadas en el citado caso núm. 4722, de fechas 4 y 19 de febrero último, respectivamente, y devolver los autos al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

### EN MOCION DE RECONSIDERACION

Abril 23, 1942.

Examinada la moción de reconsideración presentada por el interventor, nada nuevo encontramos que no haya sido suficientemente discutido en la opinión emitida en este caso, excepto en lo que respecta a la afirmación que se hace al

efecto de que en Puerto Rico el Fiscal no puede ser obligado a elegir uno entre dos o más delitos cuando la acusación sólo imputa uno pero la evidencia tiende a probar la existencia de dos o más. Se basa esa afirmación del interventor en que no existe en esta jurisdicción un estatuto que autorice esa práctica. No es necesario que el estatuto exista para que la corte tenga ese poder, consecuencia lógica del principio enunciado en el artículo 77 del Código de Enjuiciamiento Criminal, prescriptivo de que la acusación habrá de comprender sólo un delito, y de lo dispuesto en el inciso 2 del artículo 153 del mismo Código que permite al acusado interponer excepción perentoria cuando de la faz de la acusación resulta que se le imputa más de un delito. Claro es que si la acusación expone un solo delito pero la evidencia tiende a probar más de uno, en ese caso, no habiendo podido el acusado interponer excepción perentoria—puesto que de la faz de la acusación sólo se imputa un delito—el tribunal, haciendo uso de la facultad que tiene para dirigir y encauzar los procedimientos ante ella a fin de ajustarlos a la ley y a la justicia, puede y debe requerir al fiscal para que en armonía con el artículo 77 antes citado, se limite a elegir y probar un solo delito. No viene la corte obligada a cruzarse de brazos y esperar a que el acusado objete a cada pregunta que haga el fiscal en relación con los dos o más delitos, como sugiere el interventor. Descartados los demás delitos por orden de la corte, sigue el caso su curso normal, evitando las interrupciones y dilaciones que cada objeción de la defensa necesariamente habría de causar y eliminando a la vez el riesgo de confundir o desviar la mente del jurado oyendo prueba de otros delitos, de los cuales no puede ser convicto el acusado a virtud de la acusación formulada. La ley tiende a ser práctica en su funcionamiento y a desechar todo lo que sea inútil y obstaculice innecesariamente su primordial propósito: la consecución de la justicia.

*Por todo lo expuesto, procede desestimar la moción de reconsideración.*