[Crim. No. 1067. Fourth Dist. May 17, 1956.]

THE PEOPLE, Respondent, v. CHARLES A. LAWRENCE, Appellant.

Charles A. Lawrence, in pro. per., and Clair M. Christensen for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with the crime of inflicting a corporal injury upon a child in violation of section 273d of the Penal Code. He entered pleas of not guilty and not guilty by reason of insanity. The latter plea was withdrawn, and a jury trial on the plea of not guilty resulted in a verdict finding the defendant guilty as charged. He was sentenced to imprisonment in the state prison and appeals from the judgment of conviction.

On August 14, 1955, the defendant and his wife, together with her daughter, Lucille, aged 2 years, were living in a trailer in Carlsbad. Donald Walden and his wife also lived in the trailer. They occupied the bedroom. Defendant and his wife slept in the living room and Lucille slept on a bed made up on a dresser in the bedroom. At about 10 o'clock in the morning, Lucille had "messed her pants" and Donald Walden picked her up out of her bed, put her down on the floor, and sent her out into the living room, where defendant and his wife were in bed. Defendant hit the child three or four times on her face and head with his hand, and when Mrs. Lawrence attempted to hold his hand back, he turned on her. The blows thus inflicted on Lucille caused bruises above one eye, on her cheek, and a swelling on her lip. A few moments thereafter defendant and his wife arose and dressed and defendant took the child to the shower, a short distance from the trailer, to clean her. Approximately one-half hour later defendant brought Lucille back to the trailer. She was crying and when she sat down to eat breakfast, Mrs. Lawrence and the Waldens observed she had a red mark on her back. When asked what had occurred, defendant stated he had scratched her on a doorknob. Defendant then took the child to the beach, a short distance from the trailer, and approximately 30 minutes later returned with her to the trailer. He then started to remove the child's training pants and the skin of her buttocks came off with the pants. Her flesh was

raw and "near bleeding." On the afternoon of August 14, Mrs. Walden asked the defendant how the child was injured and he stated that he "hit her hard and fast so that it blistered." On the same afternoon defendant told his wife that he "had hit the child real hard and fast with his hand," and when he was asked why he did it, he said, "If he couldn't train her one way, he was going to train her another."

The child was taken to the hospital on August 15, 1955. She was examined by a physician who testified at the trial that she had a second degree burn of the upper buttocks and lowermost back region, and that there was evidence of contusions over her right eyebrow, left cheek and over her right collarbone.

Defendant testified that on some occasions he had struck the child with sufficient force to cause bruises, but that on August 14 he did not strike her with such force; that on that date he took her to the washroom and was going to give her a shower; that he took her pants off, turned the water on and sat her in the sink; that she said "hot" and "hollered"; that he then took her out, gave her a shower, and took her back to the trailer.

Appellant contends that the court erred in failing to require that the prosecution make an election between the two acts upon which it would rely, i. e., the striking of a child in the face, or the spanking, or scalding of the child. This contention is without merit. No demand was made at the trial by the defendant or his counsel that the prosecution make an election or that the court instruct the jury concerning this subject. The record does not contain the instructions and we are not able to determine therefrom whether any instructions were in fact given. The information herein charges but one offense, the infliction of corporal injury upon the child involved, and the evidence is amply sufficient to establish that such injury was inflicted by the defendant, both by striking the child and scalding her. All of the acts causing the injuries occurred on the same day and within a comparatively short time. In *People* v. *Enright*, 140 Cal.App. 649 [35 P.2d 1033], in a prosecution for rape, it was held that the trial court did not err in failing to require the prosecution to inform the defense as to which specific offense it intended to rely upon for a conviction because the indictment charged but one offense and the evidence tended to prove two or more separate and distinct acts, either one of which would have supported the charge of rape, where the

acts complained of were perpetrated on the same occasion and within a few minutes of each other, and constituted one continuous felonious act. ■ Where, as here, no demand for election was made by the defendant, it is presumed that the prosecution relied upon the charge upon which it first submitted evidence (*People* v. *Byrnes,* 84 Cal.App.2d 64, 71 [190 P.2d 286]), and since the evidence is sufficient to support the verdict of the jury based upon both or either of the acts of the defendant in striking the child or scalding her, no prejudicial error appears.

■ It is next argued that prejudicial error was committed by the court in the admitting in evidence of statements by the defendant when the corpus delicti had not been established. This contention is likewise without merit. The statement of the defendant that he had hit the child "hard and fast until she blistered" was properly admitted. The corpus delicti was established when it was shown that the corporal injury was inflicted upon the child by the defendant and the circumstances and injuries to the child demonstrated that such injuries were deliberately and intentionally inflicted upon her. This was established independently of the statements to which objections were made. Moreover, the corpus delicti was conclusively established when the defendant took the witness stand in his own defense. (*People* v. *Kinsley,* 118 Cal. App. 593, 602 [5 P.2d 938].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.