[Crim. No. 1327. Fourth Dist. Nov. 7, 1957.]

THE PEOPLE, Respondent, v. BENJAMIN RUIZ, Appellant.

J. Perry Langford, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant was charged with the possession of a narcotic, to wit, marijuana, in violation of section 11500 of the Health and Safety Code. He was also charged with a prior conviction of burglary. He pleaded

not guilty but admitted the prior conviction. A jury found him guilty as charged in the information, and he has appealed from the judgment and from an order denying his motion for a new trial.

The appellant did not put on any evidence and the facts are undisputed. About 2 a.m. on March 18, 1957, two officers of the San Diego Police Department, while on patrol duty, observed a car parked on a lot. The driver was sitting in the car facing out the door with his feet out of the car, and he appeared to be ill. The officers turned around and as they were returning to the scene they saw the car being driven away slowly and weaving back and forth across the center line. They stopped the car which was being driven by the appellant. When asked to get out of the car the appellant staggered slightly and, in response to a question, said that he had had a couple of drinks. The officers gave the appellant some sobriety tests and found that he had difficulty in standing on one foot and that he weaved from side to side. When a flashlight was passed across his eyes it was seen that there was very little contraction. The officers concluded that appellant was under the influence of alcohol or something else, and placed him in the back of the police car. One of the officers then proceeded to search the appellant's automobile. Under the front seat he found a portion of a cigarette wrapped in a brown paper. When asked if he knew anything about this the appellant replied that it was not his and that he "had been off the stuff for quite a while." He stated that the car was his, the car was impounded, and the appellant was taken to the police station and booked.

The next morning one of the officers had a conversation with the appellant in which the appellant stated that he had not used any marijuana lately; that he knew nothing about this partial marijuana cigarette found in his car; that since he had owned the car no one had been in the car who used or smoked marijuana; that no one had driven the car since he owned it; and that the trousers he was wearing were his, and they were clean when he put them on the night of his arrest. The officers then searched the appellant's car and found a marijuana seed directly behind the driver's seat, and several particles of green vegetable matter on the floor of the car and under the rear seat. They also took debris from all of the pockets of the trousers that the appellant was wearing. The partial cigarette, the particles of green vegetable matter removed from appellant's car, and the debris

removed from his trousers were all examined by a qualified expert and all found to contain marijuana.

The appellant's sole contention is that the court erred in denying his motion ''to require the prosecution to elect the offense upon which they were relying to support the charge in the information.'' The record shows that during the prosecution's opening argument to the jury appellant's counsel interrupted and asked that the prosecution be required to elect ''as to which narcotic he is referring to,'' whether he was relying on the partial cigarette found in the car or the other substances found in the car and in appellant's clothing. This motion was denied. It is argued that there was evidence of three separate acts of possession, referring to the cigarette, the marijuana found in his pockets, and that found on the floor of his car; that it cannot be told which of these three offenses he was convicted of; and that since the prosecution offered evidence of more than one offense of the same kind while only one offense was charged it was required to elect the particular offense upon which it relied, citing *People* v. *Williams,* 133 Cal. 165 [59 P. 581] ; *People* v. *Hatch,* 13 Cal. App. 521 [109 P. 1097] ; *People* v. *Ruiz,* 48 Cal.App. 693 [192 P. 327] ; and *People* v. *Lawrence,* 141 Cal.App.2d 630 [297 P.2d 144]. In the first three of the cases thus cited the evidence showed separate offenses at different times. In *People* v. *Ruiz,* the offenses occurred only a few minutes apart but at a different place. In *People* v. *Lawrence,* it was pointed out that all of the acts occurred on the same day and within a short period of time, although an additional reason for affirming the case appeared in the fact that no demand for an election had been made. In another case, *People* v. *Enright,* 140 Cal.App. 649 [35 P.2d 1033], while there were separate acts, the court stated that ''The acts here complained of were perpetrated on the same occasion and within a few moments of each other, constituting one continuous felonious act.''

In the instant case the only possession involved occurred at one place and at one time, and it did not involve separate acts in any real and practical sense. Only one act of possession was charged and the evidence showed but one act of possession at one time and place. The fact that part of the contraband was in the appellant's pockets and a part was near him in his automobile, is not sufficient to show such separate and distinct offenses as to require an election within the meaning and intent of the rule of law relied on by the appellant. The evidence disclosed that all of the marijuana involved was on the appellant's person or in a near-by place

which was under his dominion and control, and it was all a part of one act of possession. The finding of marijuana in the car and in appellant's pockets was all a part of the same incident and cannot reasonably be held to constitute separate offenses, each complete in itself, and each of which would require a separate charge or a separate trial. (*People* v. *Jefferson*, 123 Cal.App.2d 219 [266 P.2d 564]; *People* v. *Knight*, 35 Cal.App.2d 472 [96 P.2d 173].) The appellant admits that the possession of marijuana is a continuing offense and it logically follows that the possession of it in two or three places on or near his person at the same time does not constitute two or three separate offenses within the meaning of this rule.

No prejudicial error appears and there is nothing which even tends to indicate that a miscarriage of justice has occurred.

The judgment and order are affirmed.

Griffin, J., concurred.