**Floyd Leroy LAUGHLIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19662.**

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1966.

Rehearing Denied Jan. 19, 1967.

Dick Ivan Oberholtzer, James R. Bridges, San Francisco, Cal., for appellant.

Robert C. Williams, U. S. Atty., David Boerner, Asst. U. S. Atty., Stanley Barer, Seattle, Wash., for appellee.

Before POPE, BARNES and MERRILL, Circuit Judges.

PER CURIAM:

Appellant was tried and convicted by a jury of rape within the boundaries of a National Park. The victim was an unmarried twenty-six year old registered nurse, who was married at the time of the trial. The case was tried before the jury on the theory of mistaken identity—that while the appellant had driven past the scene of the crime within the park,

he had not participated in it. Because of the appellant's previous record involving sex crimes against minors, appellant's counsel thought it best, as a matter of trial strategy, not to have appellant take the stand.

In argument to the jury, appellant's counsel said: "There is no question of the sufficiency of the evidence as to rape. The question is by whom?"

During the trial, when certain articles of the victim's clothing were offered in evidence, appellant's counsel objected, saying there was no contest as to the fact that rape had occurred.

On appeal, appellant's counsel (not counsel below) urges there was no proof of the essential elements of rape, i. e., (1) no proof that penetration occurred, and (2) no proof that the rape was by force or against the victim's will.

The victim testified there had occurred an act of sexual intercourse; that after the occurrence she took a douche (C.T. 74). She also testified the raper had struck her from the rear, twisted her arm behind her, taken her to some bushes, forced her to the ground, put his weight upon her so as to pin her to the ground, and three times (C.T. 73)—each with an increasingly menacing tone—had said "Take your clothes off, and I won't hurt you."

Just as there cannot be rape without penetration, there cannot be sexual intercourse without penetration. A lack of medical testimony, in view of the manner in which this case was tried, and the facts *proved,* is of slight consequence. It is but one factor to be weighed by the jury.[1]

It is no longer the law that a person attacked and threatened with rape must fight "in this [to the] last ditch stage. Threats * * * of bodily harm * * * with some degree of physical force" is sufficient. Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633 (1942).

---

1. Cf. People v. Martinez, 57 Cal.App. 771, 208 P. 170 (1922); People v. Preston, 19 Cal.App. 675, 680, 127 P. 660 (1912).

Here the victim testified she was very frightened, and that she thought her life was in danger. (C.T. 65) The point that there was a lack of force used was not urged as an issue in the trial below—all counsel agreed, and the court so instructed the jury (R.T. 254), without objection.

 We are forced to the conclusion that there existed substantial evidence that rape, with all its essential elements, had been committed by a person identified as this appellant, and that such evidence, with the lawful inferences arising therefrom, supports the finding of guilt beyond a reasonable doubt.

We note, but only in passing, that no motion for judgment of acquittal was made by competent and vigorous counsel for defendant, either at the conclusion of the government's case, or after all evidence was in.

Affirmed.