[Crim. No. 424.   First Appellate District.—February 4, 1913.]

## THE PEOPLE, Respondent, v. E. SATTLER SIMON, Appellant.

CRIMINAL LAW—INDICTMENT CHARGING ONE OFFENSE—EVIDENCE SHOWING DIFFERENT OFFENSES—NECESSITY OF ELECTION.—The rule, that where, in a trial under an indictment charging but one offense, evidence is introduced sufficient to prove two or more separate and distinct offenses, either one of which would support the charge in the indictment, an election is required, if requested, has no application where a series of acts form part of one and the same transaction, and as a whole constitute but one and the same offense.

ID.—ATTEMPT TO PRODUCE MISCARRIAGE—DIFFERENT CRIMINAL ACTS DONE IN PURSUANCE OF ONE AGREEMENT.—It is not essential or important to the completion of the offense of attempting to produce a miscarriage of a pregnant woman, as defined by section 274 of the Penal Code, that a miscarriage be actually produced; and where, under one agreement to procure a miscarriage, a defendant does a series of criminal acts on different days in the effort to produce such a miscarriage, all the acts may be and justly should be treated as done in the commission of one and the same transaction.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and H. C. Morrison, for Appellant.

U. S. Webb, Attorney-General, and J. H. Riordan, Deputy Attorney-General, for Respondent.

HALL, J.—Defendant, a woman, was convicted under an information which charged that she "on the 15th day of June, A. D. 1912, at the said county of Alameda, state of California, did willfully, unlawfully and feloniously use and employ certain means, to wit, instruments and drugs, in, about and upon and within the body of Helen Neuman, the said Helen Neuman being then and there a woman pregnant with child, as the said E. Sattler Simon then and there well

knew, with intent thereby then and there to procure the miscarriage of her, the said Helen Neuman.''

The evidence tends to show that Helen Neuman early in June, 1912, called upon defendant, and sought her services to procure a miscarriage of Helen Neuman. Defendant at this interview offered to perform the abortion for twenty dollars, but on acount of the price no agreement was reached. On the next day defendant called on Mrs. Neuman at her house, and offered to perform the abortion for her for fifteen dollars, provided that she, Mrs. Neuman, would come the afternoon of that day. Accordingly Mrs. Neuman visited the residence of defendant, and upon the statement of the defendant ''that she wanted her money first before she would perform the abortion'' Mrs. Neuman paid her fifteen dollars. Thereupon, as the evidence amply tends to prove, defendant proceeded to use an instrument in and upon the uterus of Mrs. Neuman for the manifest purpose of procuring a miscarriage or abortion. As a result Mrs. Neuman was for a time ill, and blood flowed from her vagina, but no miscarriage followed.

This operation occurred upon Saturday, the eighth or fifteenth day of June, 1912. In about a week from the first operation Mrs. Neuman telephoned to defendant that no miscarriage had resulted, and was told by defendant to come to her house and she (defendant) would give her some pills. Accordingly Mrs. Neuman on the same day called at the home of defendant and obtained some pills to take, and was told by defendant that if the pills were not effective to come again in a few days. Altogether defendant gave Mrs. Neuman pills on four occasions but without any result so far as producing an abortion or miscarriage.

Finally defendant informed Mrs. Neuman that she would have to perform a second ''operation,'' but would like to have Mrs. Neuman wait a little longer. Later defendant called on Mrs. Neuman and told her to come to her (defendant's) home and she would again perform the abortion. Accordingly on the following Saturday, July 21, 1912, Mrs. Neuman went to the residence of defendant, where defendant again used instruments in and upon the uterus of Mrs. Neuman with the manifest purpose of procuring a miscar-

riage. This operation accomplished its purpose and a miscarriage followed.

At the close of the testimony given by Mrs. Neuman, and again at the close of the entire case for the people, defendant's counsel asked the district attorney to elect as to which operation he would rely upon for a conviction; and upon the refusal of the district attorney to so elect counsel for defendant requested the court to compel an election, which request the court in each instance denied. It is this action of the court which is solely relied upon for a reversal of the judgment and the verdict.

It may not be disputed that where, in a trial under an indictment charging but one offense, evidence is introduced sufficient to prove two or more separate and distinct offenses, either one of which would support the charge in the indictment, an election should be required if requested. (*People* v. *Castro,* 133 Cal. 11, [65 Pac. 13]; *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323]; and *People* v. *Hatch,* 13 Cal. App. 521, [109 Pac. 1097].)

This rule, however, has no application where a series of acts form part of one and the same transaction, and as a whole constitute but one and the same offense.

"Where the doings on different days may be regarded as parts of the one transaction, the combined acts on all the days may be shown, and there will be no cause for election." (Bishop's New Criminal Procedure, sec. 460, subd. 3.)

"The right of demanding an election and the limitation of the prosecution to one offense, is confined to charges which are actually distinct from each other and do not form parts of one and the same transaction." (*Goodhue* v. *People,* 94 Ill. 37.)

In the case at bar the two operations and the use of the drugs were manifestly in pursuance of the agreement of defendant to procure the miscarriage or abortion, which was eventually produced. Although the various things done by defendant were done upon different days, they were all done in pursuance of the one agreement and to accomplish one particular purpose. They were all parts of one transaction. While it is not essential or important to the completion of the offense denounced by section 274 of the Penal Code that a miscarriage be produced, yet where under one agreement

to procure a miscarriage a defendant does a series of criminal acts in the effort to produce such a miscarriage, all the acts may be and justly should be treated as done in the commission of one and the same crime. They certainly are parts of one and the same transaction. The unity of the transaction does not necessarily depend upon the immediate connection in point of time of the acts done in the commission of the crime.

This is well illustrated by the case of *People* v. *Frank,* 28 Cal. 507, where, intermediate the forgery of an indorsement on a draft and its uttering, by defendant, the draft had been accepted by the drawee and indorsed by another party. It was claimed that the act of forging and the act of uttering constituted two different offenses. To this the court said: "To this proposition we cannot assent. The mere adding of other parties did not destroy the identity of the instrument *nor the unity of the transaction,* under the rule in Shotwell's case, [27 Cal. 394] ; and the act of forging and the act of uttering were therefore both committed with reference to the same instrument. And we may add that so long as the various acts mentioned in the statute are committed with reference to the same instrument they must be regarded as constituting one continuous transaction within the meaning of the Shotwell case, notwithstanding the lapse of time or the intervention of acts which do not destroy the identity of the instrument." (Italics are ours.)

We think the reasoning of the Frank case is applicable to the facts of this case. The various criminal acts having been committed in pursuance of one agreement to produce a miscarriage, must be regarded as constituting one continuous transaction, and for that reason may be considered as but parts of one and the same offense.

For this reason the court did not err in denying defendant's request that the district attorney be required to elect upon which occasion he would rely in support of the charge.

The judgment and order are affirmed.

Lennon, P. J., and Murphey, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1913.