[Crim. No. 792.   Fourth Dist.   Feb. 16, 1954.]

THE PEOPLE, Respondent, v. LENA JEFFERSON,
Appellant.

Duke & Buttermore for Appellant.

Edmund G. Brown, Attorney General, and Norman H.
Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the
crime of assault with a deadly weapon, it being charged
that on a certain day she committed such an assault upon the
person of one G. Mehegan. A jury found her guilty as charged,
and she has appealed from the judgment which followed.

A quarrel occurred between the defendant and her hus-
band about 2 p. m. on February 27, 1953. In response to a
radio call several officers arrived and found the defendant
standing in the yard of her home, and her husband out in
the street. She had a butcher knife in her hand and told
one of the officers that he would have to use his gun to get
the knife. While she was standing near the doorway of

her home, and the officers were standing in a semicircle trying "to talk her out of the knife," she started swinging the knife at the group. One slash of the knife was so close that Officer Mehegan threw his arm up and the knife cut his sleeve. Mehegan put his hand on his gun and defendant's husband pinioned his arms. Another officer took the husband to the police car, and just then a police sergeant arrived. After being told what had happened the sergeant asked the defendant to give him the knife. The sergeant then told Mehegan to get his night stick from the car and try to knock the knife from the defendant's hand when he, the sergeant, succeeded in diverting her attention. The sergeant then accused the defendant of not being married and asked to see her marriage license. She immediately offered to show the license, and went into the house to get it, followed by some of the officers. She laid the butcher knife down on a dresser, and the sergeant grabbed it. When the defendant saw this she said: "I have got another knife." She then took a pocket knife from her purse and began slashing at the other officers. Just then, Mehegan returned with the night stick, and as he entered the room he found the other officers dodging around the furniture in the crowded room, and the defendant slashing at them. Mehegan struck her with the stick and she struck him with the knife, cutting his hand. A struggle then ensued during which the defendant dropped the pocket knife. She was then handcuffed and taken to the station.

Appellant's sole contention is that it was "substantial error for the trial court to deny appellant's demand for an election." It is argued that where the evidence shows the commission of two offenses, either of which would sustain the charge in the information, and the evidence is not clear as to which of the offenses is relied on for conviction, the defendant may demand that the People make such an election unless the jury is in some other manner informed as to which offense is relied on; that the evidence here showed one such offense with a butcher knife, and another and different offense with a pocket knife; that appellant's evidence tended to show, as to the assault outside the house, that if she struck Mehegan with the knife at all, she did it in self-defense; that with respect to the second assault within the house, she testified that she did not open the pocket knife; that some of the jurors may have believed that she was guilty of an assault with the butcher knife, while others

may have believed that she was guilty of an assault with the pocket knife; and that prejudice appears under the rule laid down in *People* v. *Ruiz,* 48 Cal.App. 693 [192 P. 327].

It may first be noted that it does not clearly appear that any such demand for an election was made. The only thing that appears in the record is a petition to supplement the record, filed by the appellant's counsel, in which it is stated that after the completion of the People's evidence appellant's attorney appeared with the district attorney in chambers and moved for an order compelling such an election, which motion was denied by the court. The minutes of the court show nothing in that connection and, apparently, there was no reporter present. No effort appears to have been made to obtain a record of what occurred on that occasion, in accordance with rule 36(b) of the Rules on Appeal.

In any event, the rule relied on by the appellant "has no application where a series of acts form part of one and the same transaction, and as a whole constitute but one and the same offense," as stated in *People* v. *Simon,* 21 Cal.App. 88 [131 P. 102]. This whole episode consumed from 10 to 15 minutes, most of which time was taken up in talking outside the house in an effort by the officers to induce the appellant to give up the knife. Both of the matters relied on as being separate and distinct offenses, occurred in the course of a continuous effort on the part of the officers to disarm the appellant. They were a part of the same incident, and they could not reasonably be held to constitute two separate offenses, each complete in itself, and each of which would require a separate charge and a separate trial. Within a moment or two after the cutting of Mehegan's coat these parties went into the house, the officer grabbed the knife when it was laid down, and the appellant immediately got the other knife and began slashing at the officers. Within a few seconds she was overpowered and dropped the knife. Under these circumstances neither error nor prejudice appears in not compelling the prosecution to elect as to which part of the attack it relied on. This case falls within the principles set forth in *People* v. *Simon,* 21 Cal.App. 88 [131 P. 102], rather than those announced in the Ruiz case.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.