Filed 3/8/13  In re B.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re B.R., a Person Coming Under the Juvenile Court Law. | B242526 (Los Angeles County Super. Ct. No. YJ33957) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> B.R., <br><br> Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Irma J. Brown, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

B.R., a minor, appeals from adjudication and disposition orders.  The juvenile court found that on October 25, 2011, the minor committed assault by means of force likely to produce great bodily injury (count 1) and deadly weapon assault (count 3).  The juvenile court found the deadly weapon assault was a serious felony.  (Former Pen. Code,[1] §§ 245, subd. (a)(1) (Stats. 2004, ch. 494, § 1, pp. 4040-4041); 1192.7, subd. (c)(31).)  At the time of the altercation, the minor was on probation for petty theft.  The juvenile court sustained the Welfare and Institutions Code section 602 petition and found the minor in violation of probation.  The minor was released home on probation.  We affirm the orders under review.

## II.  THE EVIDENCE

The minor was a combatant in a fight on the grounds of a public high school.  Several students, including the minor, confronted A.R., the victim.  The minor goaded another student to, "Hit him already."  During the fight, the minor kicked and punched A.R.  The minor also hit A.R. with a hard metal object.  A.R. suffered multiple injuries.  A.R. and a friend, C.D., an eyewitness, both identified the minor as participating in the fight.  A.R. and C.D. had known the minor since middle school.  A.R. and C.D. both testified the minor used a metal object during the assault.  There was evidence the minor was a member of a gang.

The minor denied participating in the fight.  The minor's basketball coach, Anthony von Hilliard, heard but did not see the commotion.  Mr. von Hilliard saw the minor standing off to the side.  Mr. von Hilliard called the minor over.  The minor did not look like he had been in a fight.

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

## III.  DISCUSSION

### A.  The Gang Membership Evidence

There was no gang allegation in the present case.  However, the prosecution was allowed to inquire whether the minor was a gang member.  The minor argues evidence he admitted gang membership was more prejudicial than probative under Evidence Code section 352 and should have been excluded.

The circumstances under which the gang membership evidence was admitted were as follows.  The victim was cross-examined by Deputy Public Defender Toral Malik.  The victim denied he was a gang member or was affiliated with any gang.  Mr. Malik subsequently asked the minor about the Hispanic individuals who had been involved in the fistfight.  The minor testified they were members of a "crew."  Mr. Malik asked, "As far as you know, is [A.R.] part of that group?"  The minor responded, "He hangs out with most of them."  Deputy District Attorney June Miyagishima subsequently sought to inquire whether the minor was in a gang.  The juvenile court allowed the inquiry.  The minor testified he was not a gang member; further, he never told anyone, including campus police officer William Etue, that he *was* a gang member.  C.D. testified he had been, but no longer was a gang member.  The same was true for the victim; he had once been but no longer was a gang member.  Officer Etue testified, "On one of my contacts [with the minor,] he told me that he was part of [a] criminal street gang . . . ."

On appeal, the Attorney General argues:  "[The minor] testified that [the victim] 'hangs out' with the . . . crew.  . . .  This raised the inference that [the victim] may have been part of a gang-related fight and not quite the innocent or credible victim he pretended to be.  Therefore, evidence that [the minor] might belong to a gang, a claim he denied . . . , gave the court a more balanced view of both [the minor's] and [the victim's] testimony and credibility."

Our review is for an abuse of discretion.  (*People v. Brown* (2003) 31 Cal.4th 518, 547; *People v. Carter* (2003) 30 Cal.4th 1166, 1194.)  However, we need not determine

3

whether the juvenile court abused its discretion. It is not reasonably probable the result would have been more favorable to the minor absent the gang membership evidence. (Evid. Code, § 353, subd. (b); *People v. Earp* (1999) 20 Cal.4th 826, 878; *People v. Avitia* (2005) 127 Cal.App.4th 185, 194.) The evidence of the minor's gang membership was limited and non-inflammatory. The matter was tried by the juvenile court without a jury. The deputy district attorney, Ms. Miyagishima, did not mention the minor's gang affiliation in argument to the juvenile court. The deputy public defender, Mr. Malik, on the other hand, argued A.R.'s and C.D.'s gang membership was relevant to their credibility and motive. A.R. and C.D. had known the minor since middle school. They testified the minor assaulted A.R. They further testified the minor used his hands, feet and a metal object. The minor denied any involvement in the fistfight. The juvenile court resolved this credibility contest adversely to the minor. It is not reasonably probable the juvenile court would have found in the minor's favor on any issue absent the limited gang membership evidence. And because there was no prejudice, there was no denial of the minor's fair trial right. (*People v. Valdez* (2012) 55 Cal.4th 82, 134; *People v. Carter, supra,* 30 Cal.4th at p. 1196.)

## B. The Assault Counts

At the time the minor committed the present offenses, former section 245, subdivision (a)(1) set forth two forms of aggravated assault. Former section 245, subdivision (a)(1) provided: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished . . . ." (Stats. 2004, ch. 494, § 1, p. 4040.) Former section 245, subdivision (a)(1) defined only one crime, aggravated assault. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1036-1037; *In re Mosley* (1970) 1 Cal.3d 913, 919, fn. 5.) But former section 245, subdivision (a)(1), set forth two forms of the same offense: first, with a deadly weapon, and second, with force likely to produce great bodily injury. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1069; *In re Mosley,*

4

*supra,* 1 Cal.3d at p. 919, fn. 5.)  As the Court of Appeal for the Third Appellate District explained in *People v. McGee* (1993) 15 Cal.App.4th 107, 114:  "Section 245, subdivision (a)(1) speaks in the alternative, specifying two forms of prohibited conduct. The statute can be violated by assaulting a person with a deadly weapon other than a firearm *or* by means of force likely to produce great bodily injury.  . . .  Hence, section 245, subdivision (a)(1) can be violated without necessarily using a deadly weapon.  (See 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 419, pp. 480-481 and cases cited therein.)"

The minor argues that in the present case there was one continuous assault; therefore, he could not be found to have committed two assaults.  We disagree.  An accused may be convicted of more than one crime, including different descriptions of the same offense, arising out of a single course of conduct.  (§ 954; *People v. Milward* (2011) 52 Cal.4th 580, 585; *People v. Sloan* (2007) 42 Cal.4th 110, 119.)  Section 954 states in part, "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . [and] the defendant may be convicted of any number of the offenses charged . . . ."  The statutory language is direct and clear.  (*People v. Sloan, supra,* 42 Cal.4th at p. 114; *In re Jose H.* (2000) 77 Cal.App.4th 1090, 1095.)  The only exception prohibits multiple convictions based on necessarily included offenses.  (*People v. Milward, supra,* 52 Cal.4th at p. 585; *People v. Reed* (2006) 38 Cal.4th 1224, 1227.)  The minor does not claim that assault with force likely to produce great bodily injury is a lesser included offense of assault with a deadly weapon, nor could he.  (*In re Mosley, supra,* 1 Cal.3d at p. 919, fn. 5; *People v. Martinez* (2005) 125 Cal.App.4th 1035, 1044.)  The juvenile court, as trier of fact, impliedly found the minor guilty of successive acts of assault with force likely to produce great bodily injury and assault with a deadly weapon.  Substantial evidence supported those findings.  Therefore, the minor was properly found to have committed two assaults.

With respect to count 1, it is well established that an assault by means of force likely to produce great bodily injury may consist of an attack by use of hands or fists. (*People v. Aguilar, supra,* 16 Cal.4th at p. 1028; *People v. Wingo* (1975) 14 Cal.3d 169, 176; *People v. Tallman* (1945) 27 Cal.2d 209, 212; *People v. Hinshaw* (1924) 194 Cal. 1, 18; *People v. McDaniel* (2008) 159 Cal.App.4th 736, 748; *People v. Kinman* (1955) 134 Cal.App.2d 419, 422.) Division Four of the Court of Appeal for this appellate district has held, "Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate. (See *People v. Covino* (1980) 100 Cal.App.3d 660, 668; CALJIC No. 9.02.)" (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066; accord, *People v. McDaniel, supra,* 159 Cal.App.4th at p. 748.) Whether the force used was likely to produce great bodily injury is a question of fact for determination by the trier of fact. (*People v. Sargent* (1999) 19 Cal.4th 1206, 1221; *People v. Armstrong, supra,* 8 Cal.App.4th at p. 1066.)

With respect to count 3, our Supreme Court has held, "[A] 'deadly weapon' [as used in former section 245, subdivision (a)(1)] is, 'any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce death or great bodily injury.'" (*People v. Aguilar, supra,* 16 Cal.4th at pp. 1028-1029, quoting *In re Jose R.* (1982) 137 Cal.App.3d 269, 275-276; accord, *People v. Brown* (2012) 210 Cal.App.4th 1, 6.) Hands and feet are *not* deadly weapons. (*People v. Aguilar, supra,* 16 Cal.4th at pp. 1037-1038; *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1087.) Whether an instrument is a "deadly weapon" is for the trier of fact to determine based on the nature of the object and the manner in which it was used and any other relevant matter. (*In re David V.* (2010) 48 Cal.4th 23, 30, fn. 5; *People v. Aguilar, supra,* 16 Cal.4th at p. 1029.)

There was evidence the minor kicked and punched the victim. There was also testimony the minor hit the victim with a hard metal object. The juvenile court could reasonably find the minor committed successive aggravated assaults against A.R. with two sets of destructive weapons. Count 1 involved hands and feet. Count 3 involved the use of the hard metal object. The minor could properly be found to have committed two

counts of aggravated assault based on separate acts. (§ 954; cf. *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1473-1474 ["[W]here multiple applications of physical force result in separate injuries, the perpetrator has completed multiple violations of section 273.5."]; *People v. Healy* (1993) 14 Cal.App.4th 1137, 1139-1140 [separate acts of physical abuse against a cohabitant (§ 273.5) occurring over time may be charged separately]; 1 Witkin, Cal. Crim. Law (4th ed. 2012) Crimes Against the Person, § 67, p. 858; see *People v. Sloan, supra,* 42 Cal.4th at p. 119 ["[Under section 954,] a defendant may be convicted of more than one offense even if they arise out of the same act or course of conduct."]; *People v. Scott* (1994) 9 Cal.4th 331, 344, fn. 6; *People v. Shields* (2011) 199 Cal.App.4th 323, 331, 334 [multiple sexual photographs of minor taken on single occasion]; *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006-1007.)

The minor relies on three cases: *People v. Oppenheimer* (1909) 156 Cal. 733, 739-740; *People v. Jefferson* (1954) 123 Cal.App.2d 219, 220-221; and *People v. Mitchell* (1940) 40 Cal.App.2d 204, 211. In both *Oppenheimer* and *Jefferson,* the defendant was charged with and convicted of only one count of assault with a deadly weapon. But the evidence showed two weapons were used. The issue was whether the prosecution was required to elect which of the two weapons it relied upon for a conviction. The courts held no election was required. (*People v. Oppenheimer, supra,* 156 Cal. at pp. 739-740; *People v. Jefferson, supra,* 123 Cal.App.2d at pp. 220-221.) In *Oppenheimer,* our Supreme Court further held a unanimity instruction would have applied if requested. (*People v. Oppenheimer, supra,* 156 Cal. at pp. 739-741.)

In *People v. Mitchell,* the defendant was charged with and convicted of a single count of assault by means of force likely to produce great bodily injury. (*People v. Mitchell, supra,* 40 Cal.App.2d at pp. 205, 208.) The evidence showed the defendant first punched the victim in the forehead. Then the defendant hit the side of the victim's head with a beer bottle. (*Id.* at pp. 206-207.) The defendant demurred to the information on grounds it failed to specify the character of the force used. The Court of Appeal for the First Appellate District held the information was legally sufficient. (*Id.* at pp. 208-210.) The defendant further argued from the information, evidence and verdict, it was

7

impossible to tell for which assault he had been found guilty. Therefore, defendant in *Mitchell* argued, "[I]n the event of a subsequent prosecution he would be deprived of his right to plead once in jeopardy." (*Id.* at p. 210.) The court found no merit in that contention. (*Id.* at pp. 210-211.) There is no issue before us in the present case of: an unanimity instruction; due process notice of charges to be defended against; or double jeopardy. Further, only one of the two counts, assault with a deadly weapon (count 3), is a serious felony (§ 1192.7, subd. (c)(31)), which may be charged in subsequent adult prosecutions. (§§ 667, subds. (b) (i); or 1170.12.) Under these circumstances, the trial court could properly sustain the allegations in counts 1 and 3 of the petition. (See *In re Jose H., supra,* 77 Cal.App.4th at pp. 1095-1096.)

## IV.  DISPOSITION

The adjudication and disposition orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

O'NEILL, J.*

We concur:

MOSK, Acting P. J.                                    KRIEGLER, J.

---

*       Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.