Filed 11/22/21  P. v. Kuykendal CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RONALD KUYKENDAL,<br><br>Defendant and Appellant. | C092843<br><br>(Super. Ct. No. 19FE010333) |

A jury found defendant Ronald Kuykendal guilty of assault with a semi-automatic firearm and being a felon in possession of a weapon.  The jury also found true the allegation that defendant used a semi-automatic firearm during the assault.  The trial court sentenced defendant to an aggregate term of 12 years eight months and imposed fines and fees.  Defendant now claims his conviction for assault should be reversed because the trial court failed to instruct the jury it must reach a unanimous verdict as to the conduct underlying the assault.  Defendant also claims he is entitled to a hearing on his ability to pay the imposed fines and fees.  We conclude a unanimity instruction was

1

not required and defendant forfeited his claim that he is entitled to an ability-to-pay hearing. We have, however, discovered mandatory fees that must be imposed, fees that may no longer be imposed, and an error in the abstract of judgment regarding the nature of the felony. As modified, we affirm the judgment.

## I. BACKGROUND

Defendant was charged with attempted carjacking (§§ 664, 215, subd. (a)—count one)[1] with the allegation that he personally used and discharged a firearm (§§ 12022.5, subd. (a), 12022.53, subds. (b) & (c)); assault with a semi-automatic firearm (§ 245, subd. (b)—count two) with the allegation he personally used the semi-automatic firearm (§ 12022.5, subds. (a) & (d)); and being a felon in possession of a weapon (§ 29800, subd. (a)(1)—count three).

The charges were based on a nighttime altercation near a homeless encampment. M.L. lived in a tent near a fence. The fence had a hole, through which people traversed. One night, as M.L. sat in his car parked by the fence, defendant approached. M.L. was acquainted with defendant; defendant owed him money. M.L. said he got out of his car and defendant immediately pointed a gun in his face, then hit him in the head with the gun. Defendant then asked M.L. about his car keys and M.L. told him they should be in the car. Defendant told M.L. he had five seconds to leave, and as M.L. walked away, he heard a gunshot. Defendant rummaged through M.L.'s car, and M.L. heard "a couple more shots." Five to 10 minutes after M.L. initially encountered defendant, the police arrived.

Defendant testified he used his firearm in self-defense. Defendant said he climbed through the hole in the fence, using it as a short-cut to his destination. As defendant made his way to the other side of the fence, M.L. yelled, "Who is that moving up on me

---

[1] Undesignated statutory references are to the Penal Code.

2

like that?" Defendant knew M.L. and said M.L. was recently aggressive in seeking repayment of a debt for a previous drug deal. When M.L. identified defendant as the person coming through the fence, M.L. became angry and tried to punch defendant. Defendant then took his gun and hit M.L. across the head. M.L. looked for something in his car. Defendant, who knew M.L. to be armed on a previous occasion, thought he was looking for a gun. Defendant fired two shots into the ground, then left the area. A disassembled BB gun and another weapon were found in or near M.L.'s car.

The jury found defendant guilty of assault with a semi-automatic firearm and found that he used the semi-automatic firearm during the offense. The jury also found defendant guilty of being a felon in possession of a weapon.

At sentencing, the prosecution argued the trial court should impose the upper term for the assault conviction, arguing that defendant's conduct went beyond a "bare-bones" commission of the offense. The prosecutor noted defendant hit M.L. over the head and fired two shots, constituting multiple actions that could each support a conviction under section 245, subdivision (b). The trial court found the offense was serious and, with defendant's "significant background," the upper term was warranted. The court sentenced defendant to consecutive terms: nine years for the assault conviction; three years for personally using a firearm during the assault; and eight months for being a felon in possession of a weapon. The court also orally imposed a $2,000 restitution fine (§ 1202.4), a suspended parole revocation fine in the same amount (§ 1202.45), a $453.62 jail booking fee, and a $90.65 jail classification fee.

## II. DISCUSSION

A.     *Unanimity Instruction*

Although not requested by either party at trial, defendant now argues the trial court erred in failing to instruct the jury sua sponte that they must reach a unanimous verdict (CALCRIM No. 3500) as to whether defendant committed the assault with a semi-automatic weapon. He contends that, because there were two discrete acts upon which a

3

conviction may be based and the prosecution did not elect a theory upon which to prosecute, an instruction was required. The People contend that defendant's actions constituted a continuous course of conduct and the unanimity instruction was not required. We conclude the trial court did not err in failing to instruct the jury on unanimity, as the instruction was not required.

We may consider defendant's appellate claim even though he did not request a unanimity instruction because a trial court should give the instruction even absent a request " ' "where the circumstances of the case so dictate." ' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 877.) We review defendant's claim of instructional error de novo. (*People v. Hernandez* (2013) 217 Cal.App.4th 559, 568.)

"[T]he jury must agree unanimously the defendant is guilty of a *specific* crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) A trial court should give the unanimity instruction when " 'there is a risk the jury may divide on two discrete crimes and not agree on any particular crime.' " (*People v. Covarrubias, supra*, 1 Cal.5th at p. 878.) "There are, however, several exceptions to this rule. For example, no unanimity instruction is required if the case falls within the continuous-course-of-conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction.' " (*People v. Jennings* (2010) 50 Cal.4th 616, 679.) There also is no need for a unanimity instruction if " 'the defendant offered the same defense to both acts constituting the charged crime, so no juror could have believed defendant committed one act but disbelieved that he committed the other, or because "there was no evidence from which the jury could have found defendant was guilty of" the crime based on one act but not the other.' " (*People v. Covarrubias, supra*, at p. 879, citing *People v. Davis* (2005) 36 Cal.4th 510, 562.)

4

It is uncontested that defendant hit M.L. in the head with the firearm then, within minutes, fired his gun at least twice. The People assert that these acts justified use of the continuous-course-of-conduct exception to the rule requiring a unanimity instruction. We agree and conclude the events happened quickly and sequentially with no intervening events such that they were so closely connected in time and location to form a single transaction. (See *People v. Jennings, supra,* 50 Cal.4th at p. 679; see also *People v. Jefferson* (1954) 123 Cal.App.2d 219, 221 [where defendant attacked a police officer outside the house with a butcher knife, went inside where she cut the officer with a pocketknife, the People were not required to elect between the two knife attacks in proving the assault charge as they were a part of the same incident].)

Yet, despite the fact the parties have not raised this point, there is another reason to reject defendant's claim that the instruction was required: Defendant offered the same defense to each act that could constitute an assault with a firearm.[2] Defendant testified that M.L. was the aggressor when he swung at defendant and defendant blocked M.L.'s effort to attack by hitting him in the head with the gun. In response, defendant thought, M.L. looked for a gun. This prompted defendant to fire two rounds into the ground.[3] As

---

[2] As our Supreme Court has explained, Government Code section 68081 "does not require that a party actually have briefed an issue; it requires only that the party had the opportunity to do so. By requiring the parties to file opening and responding briefs, the California Rules of Court automatically give the parties the opportunity to brief every issue that is raised in the appeal. [Citation.] Further, we hold that this also gives the parties the opportunity to brief any issues that are fairly included within the issues actually raised." (*People v. Alice* (2007) 41 Cal.4th 668, 677.) As the People argued that the facts fell into an exception to the unanimity rule, the applicability of a different exception to the rule is fairly included in the issue raised and the parties had an opportunity to address the issue.

[3] In the context of discussing prejudice, defendant attempts to distinguish these two acts on the basis that he intended to harm M.L. when he hit M.L., but he fired into the ground with no such intent to harm M.L. This distinction fails because an assault does not require a specific intent to injure another or even a subjective awareness of the risk of

5

the prosecutor argued, the case depended on credibility and who the jury believed was the aggressor: defendant or M.L. Whoever the jury believed was the initial aggressor, there were no facts presented that would support the possibility that roles were reversed for defendant's subsequent act of firing the gun. In other words, there was no other evidence or rational basis for the jury to parse the events and believe defendant's claim as to one event, but not the other. The jury's verdict of guilty indicates that they did not believe the only defense proffered to the assault on M.L.

Defendant relies on this court's decision in *People v. Norman* (2007) 157 Cal.App.4th 460. This court held in *Norman* that a unanimity instruction was required in a prosecution for theft and receiving stolen property after determining there were multiple discrete acts, any of which could have constituted the charged offense. (*Id.* at pp. 464-465.) However, the court in *Norman* did not, and did not need to, address exceptions to the unanimity instruction. Unlike *Norman*, which involved discrete acts separated by time and location, the two acts here were part of a continuous course of conduct. They were " 'so closely connected in time as to form part of one transaction.' " (*People v. Jennings, supra*, 50 Cal.4th at p. 679.) Also, the *Norman* court did not address whether there was a common defense to the two acts. Again, this contrasts with the situation here, where defendant had the same defense to both assaultive acts.

We find no instructional error.

B.      *Fines and Fees*

Relying primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant contends that he is entitled to a hearing on his ability to pay the court imposed fines and fees. We conclude defendant forfeited his claim on appeal by failing to raise the issue in the trial court.

---

injury. (See *People v. Williams* (2001) 26 Cal. 4th 779, 790.) The jury was instructed on the elements of assault (see *ibid*.; CALCRIM No. 875) and found defendant guilty.

It is a longstanding and well-recognized rule that a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [same].) This is true regardless of whether a defendant's ability to pay claims are constitutional in nature. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing].)

Here, defendant was sentenced on September 25, 2020, well over a year after issuance of the *Dueñas* decision. (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Therefore, his failure to raise *Dueñas* at sentencing forfeits his *Dueñas* arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

## C. *Judgment and Abstract*

Although not raised by either party, we note additional sentencing errors which require correction. The trial court failed to orally impose a mandatory court operations assessment of $80 (§ 1465.8) and a mandatory criminal conviction assessment of $60 (Gov. Code, § 70373). While the abstract of judgment lists these assessments, "[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Because the failure to impose mandatory assessment amounts constitutes an unlawful sentence, it may be modified at any time. (See *People v. Smith* (2001) 24 Cal.4th 849, 853.) Accordingly, we order these assessments imposed as part of the judgment.

Additionally, a jail booking and classification fee were both orally imposed by the trial court but must now be vacated. Assembly Bill No. 1869 was signed into law in

7

September 2020 and became effective on July 1, 2021.  The bill is intended to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system."  (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) § 2, eff. Sept. 18, 2020, operative July 1, 2021.)  Among other provisions, Assembly Bill No. 1869 added Government Code section 6111, also effective July 1, 2021.  (*Id.* at § 11.)  It provides that "the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (Gov. Code, § 6111, subd. (a).)

Under the rule announced in *In re Estrada* (1965) 63 Cal.2d 740, absent contrary evidence (e.g., express savings clause providing only prospective relief), we presume that ameliorative changes to the criminal law apply retroactively to all nonfinal judgments of conviction.[4]  (*Id.* at pp. 745, 747-748; *People v. Stamps* (2020) 9 Cal.5th 685, 699.) Given that defendant's judgment was not final before the effective date of Assembly Bill No. 1869, the ameliorative changes in the law apply to this case.  Accordingly, we modify the judgment to strike the fees at issue; specifically, the booking fee and main jail classification fee.  (Former Gov. Code, § 29550.2, subd. (a).)

Finally, the "serious felony" box in item number one as to count two on the abstract is checked in error.  Defendant's presentence conduct credits were properly limited at sentencing under section 2933.1, as his conviction of assault with a semi-automatic weapon, combined with his personal use of a firearm is a violent felony under section 667.5, subdivision (c)(8).  Although the abstract indicates the limitation of

---

[4]  We express no opinion as to whether Assembly Bill No. 1869 retroactively applies to all cases, including cases where the judgment of conviction has become final.  This issue is not before us.

8

presentence conduct credits, the associated "violent felony" was incorrectly left blank. This represents a clerical error in recording the judgment rendered and may be corrected by amendment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) We therefore order the correction of the abstract of judgment to reflect the offense is a "violent felony," instead of a "serious felony."

### III. DISPOSITION

The judgment is modified to impose a mandatory $80 court operations assessment (§ 1465.8) and a mandatory $60 criminal conviction assessment (Gov. Code, § 70373). The jail booking and classification fees imposed under Government Code section 29550.2 are vacated. The trial court is directed to prepare an amended abstract of judgment consistent with the above, with the removal of the check in the "serious felony" box and the addition of a check in the "violent felony" box in item number one as to count two, and to deliver a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

KRAUSE, J.

9